IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENG XIONG,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant.<br>_____ | Case No.: 1:10-cv-01671 JLT<br><br>ORDER TO SHOW CAUSE WHY THE<br>ACTION SHOULD NOT BE DISMISSED |

Yeng Xiong ("Plaintiff") commenced this action against the defendant, Commissioner of Social Security, on September 13, 2010. (Doc. 1). The Court issued its Scheduling Order on September 14, 2010, setting forth the applicable deadlines to the action. (Doc. 5).

Pursuant to the Scheduling Order, the parties stipulated that Plaintiff have a thirty-day extension of time to serve a confidential letter brief on Defendant (Doc. 12), which the Court granted. (Doc. 13). Within thirty-five days of service of the confidential letter brief, or by July 6, 2011, Defendant was required to serve a response. *See* Doc. 5 at 2. When parties do not agree to a remand, an opening brief must be filed with the Court within thirty days of service of the defendant's response. *Id*. Therefore, Plaintiff's opening brief was due by August 5, 2011.

In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties."

1  (Doc. 5 at 4).  Also, the parties were informed that, with the exception of the single
2  stipulation, any requests to modify the Scheduling Order must be made by written motion and
3  would only be granted for good cause.  *Id*.  Further, the parties were warned that violations of
4  the order may result in sanctions pursuant to Local Rule 110.  *Id*.  Notably, the parties have
5  used the single thirty day extension, and have filed a subsequent request to extend the
6  applicable deadlines or modify the Scheduling Order.

7  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
8  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of
9  any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have
10 inherent power to control their dockets," and in exercising that power, a court may impose sanctions
11 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
12 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute
13 an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*
14 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
15 requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
16 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,
17 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

18 Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of
19 this Order why the action should not be dismissed for failure to prosecute or to follow the Court's
20 Order.  Alternatively, within 14 days, Plaintiff SHALL file an opening brief.

22 IT IS SO ORDERED.

23 Dated:   **September 2, 2011**                                     /s/ Jennifer L. Thurston
                                                                      UNITED STATES MAGISTRATE JUDGE