IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENG XIONG,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant | Case No.: 1:10-cv-01671 JLT<br><br>ORDER TO DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY THE COURT'S ORDER |

On October 28, 2011, the Court issued an order granting an extension of time for Defendant to file a response to Plaintiff's motion for summary judgment. (Doc. 18). The Court noted the Scheduling Order permitted a single-thirty day extension, which had been used previously by the parties. (*Id* at 1). However, the Court found good cause existed for granting a second thirty-day extension, and ordered Defendant to "file a responsive brief by **November 21, 2011**." (*Id.*) (emphasis in original). To date, Defendant has failed to file a responsive brief, or to otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. Further, a court may impose sanctions in exercising the "inherent power to control [its] dockets." *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

Accordingly, Defendant is **ORDERED** to show cause within 14 days of the date of service of this Order why sanctions should not be imposed for failure to file his brief according to the Court's Order.  Alternatively, Defendant is **ORDERED** to file a responsive brief to Plaintiff's motion for summary judgment within 14 days of the date of service of this Order .

IT IS SO ORDERED.

Dated:   **December 7, 2011**                                                    **/s/ Jennifer L. Thurston**
                                                                                              UNITED STATES MAGISTRATE JUDGE