UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENG XIONG,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:10-cv-01671 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 24) |

Bess Brewer, attorney for Plaintiff Yeng Xiong, seeks an award for attorney's fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 24). Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), opposes the motion, asserting Defendant's position was substantially justified and Plaintiff seeks an excessive amount of fees. (Doc. 26). For the following reasons, the motion for attorney's fees is **GRANTED**.

I.    **Factual and Procedural History**

Plaintiff initiated this action on September 13, 2010, seeking review of an administrative decision denying benefits. (Doc. 1). On March 22, 2012, the Court issued an order remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 22). The Court determined the ALJ failed to identify clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility. *Id.* at 11-14.

Following the entry of judgment, Plaintiff filed a timely application for EAJA fees on June 20, 2012. (Doc. 24). Defendant filed an opposition to the motion on July 20, 2012 (Doc. 26), to which Plaintiff replied on August 3, 2012 (Doc. 27).

## II.   Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

## III.   Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562,

568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 26 at 2). Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an award of EAJA fees, but argues the position of the Commissioner was substantially justified and the fees requested are excessive. (Doc. 26).

### A. Defendant's position was not substantially justified.

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must show "the action or failure to act by the agency" was substantially justified. *Id.* Second, Defendant must show the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Therefore, here, both the decision of the ALJ and the Commissioner's arguments to this Court in defense must have been substantially justified. A finding that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded for the ALJ's failure to evaluate her credibility in a proper manner. (Doc. 22). The ALJ discussed Plaintiff's acculturation issues and the medical evidence in support of his adverse credibility determination. AR at 17. The Court found it was "unable to find a 'logical inference' that cultural issues suffice as a reason for discounting Plaintiff's credibility." *Id.* at 13. Although the ALJ purported to discount Plaintiff's credibility due to conflicts with the medical record, the ALJ failed to identify specific evidence that conflicted with Plaintiff's testimony. *Id.* at 14. However, even if the ALJ had carried her burden to do so, the Court noted the medical record alone

1 was not a clear and convincing reason to reject Plaintiff's testimony. *Id.*; *see also Rollins v.*
2 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("subjective pain testimony cannot be rejected on the
3 sole ground that it is not fully corroborated by objective medical evidence"); SSR 96-7p, 1996 SSR
4 LEXIS 4, at *2-3 (statements "may not be disregarded solely because they are not substantiated by
5 objective medical evidence").

6 Defendant asserts the Commissioner "was substantially justified in defending [the ALJ's]
7 decision." (Doc. 26 at 3). According to Defendant, the Commissioner "relied on circuit precedent,"
8 and "his position had a reasonable basis in law and fact." *Id.* However, because the analysis by the
9 ALJ was contrary to the standards set forth by the Regulations, the position was not substantially
10 justified. *Sampson*, 103 F.3d at 921.

11 **B.     Plaintiff's fee request must be modified.**

12 Defendant argues that if the Court finds the Commissioner's position was not substantially
13 justified, the fee award should be reduced because "[t]he $7,970.45 in fees that Plaintiff requests are
14 unreasonable under the EAJA statute." (Doc. 26 at 4). According to Defendant, the issues presented
15 by counsel were routine, and "[t]he claimed 44.2 hours is well in excess of the number of hours . . .
16 found reasonable for a case involving non-routine issues." *Id.* at 5 (citing *Patterson v. Apfel*, 99 F.
17 Supp. 2d 1212 (C.D. Cal. 2000) (finding 33.75 hours was a reasonable number of hours for that case
18 which involved non-routine issues and included 4 hours for oral argument)). On the other hand, Ms.
19 Brewer contends the amount of time spent was reasonable and less than several of her other actions
20 before the Court. (Doc. 27 at 3-4).

21 Significantly, however, Ms. Brewer's time related to the preparation of the motion for
22 summary judgment (Doc. 15) is provided in "block billing" format because she identifies several tasks
23 within one time entry. As observed by the Ninth Circuit, "block billing makes it more difficult to
24 determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d
25 942, 948 (9th Cir. 2007). Although counsel is "not required to . . . how each minute of his time was
26 expended," *Hensley*, 416 U.S. at 427 n.12, "counsel bears the burden of submitting detailed time
27 records justifying the hours claimed to have been expended." *Chamers v. City of Los Angeles*, 796
28 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 987).

4

In this case, large block entries do not specify how much time Ms. Brewer took to complete tasks recorded in the entries. For example, Ms. Brewer asserts that on August 31, 2011, she "read/marked record; outlined brief; drafted almost all of summary of medical evidence." (Doc. 24-2). On September 1, 2011, she "finished medical evidence, drafted summary of testimony, and Argument I." Ms. Brewer reports she spent 22.5 hours on these tasks over the two days, without specifying how much time she spent on the individual tasks. Thus, it is impossible for the Court to evaluate the reasonableness of the time where Ms. Brewer identified multiple tasks in single entries.

The Court may reduce a fee award request when "documentation of hours is inadequate." *Hensley*, 416 U.S. at 433. The Ninth Circuit has explained that, where the attorney presents time in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). In *Moreno v. City of Sacramento*, the Ninth Circuit concluded "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion . . ." *Id.*, 534 F.3d 1106, 1112 (9th Cir. 2008); *see also Costa v. Comm'r of the Soc. Sec. Admin*, 2012 U.S. App. LEXIS 17946, at *8 (9th Cir. Aug. 24, 2012). Accordingly, the Court will deduct ten percent of the time, or 2.25 hours, for the time spent on August 31, 2011 and September 1, 2011.

## IV.     Findings and Recommendations

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA. However, as discussed above, certain requests unreasonable and some tasks were duplicative or routine in nature. With the reduction set forth above, Plaintiff is entitled to an award of fees for **41.95** hours of work, which includes 2.1 hours in 2010, 37.55 hours in 2011, and 2.3 hours in 2012. Thus, Plaintiff is entitled to an award of **$7,571.35**.[1] Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable to the plaintiff and not the attorney who worked on the matter.

---

[1] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours completed in 2010 ($175.06 per hour), 2011 ($180.59 per hour), and 2012 ($183.73). *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited September 13, 2012).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's request for attorney's fees (Doc. 24) is **GRANTED** in the modified amount of $7,571.35; and

2. This amount **SHALL** be paid to Plaintiff Yeng Xiong.

IT IS SO ORDERED.

Dated:   **September 19, 2012**            **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE